UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. POHOLSKI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

File No. 1:12-CV-1414

HON. ROBERT HOLMES BELL

**O P I N I O N**

On December 16, 2013, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, (Dkt. No. 17) be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $3,062.50.  (Dkt. No. 20, R&R.)  Plaintiff filed objections to the R&R on December 30, 2013.  (Dkt. Nos. 21, 23.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Magistrate Judge determined that Plaintiff is entitled to an award of attorney's fees under the EAJA and that her attorney should receive credit for all hours claimed.

However, he recommended that the attorney's hourly rate be reduced from $181.63 per hour to $125 per hour because Plaintiff failed to carry her evidentiary burden to justify compensation at any rate above the statutory cap of $125 per hour. (R&R at 5.) Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to meet her burden of justifying attorney fees at a rate in excess of $125 per hour.

The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Sixth Circuit has held that "the statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). *Chipman*, however, does not foreclose upward adjustments from the statutory ceiling. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). The Sixth Circuit has interpreted *Chipman* as "a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley*, 966 F.2d at 199. *See also Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) ("The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor."). A plaintiff seeking an hourly rate beyond the $125 statutory cap "bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To meet that burden, the plaintiff must "produce satisfactory evidence – in addition

2

to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. Submission of the Consumer Price Index and an argument that the rate of inflation supports an increase in fees, is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA. *Id.*

In support of her request for a $181.63 hourly rate in this case, Plaintiff presented the affirmation of her counsel which states that he received his law degree in 1982, has been representing clients in Social Security cases since 1985, has represented over a thousand claimants in administrative challenges to the decisions of the Social Security Administration and has represented hundreds of plaintiffs in federal court. (Dkt. No. 17, Rinck Aff. ¶¶ 17-18.)  Plaintiff also presented evidence that he arrived at the $181.63 hourly rate by multiplying the statutory rate of $125 by the percentage change in the consumer price index from March 1996, when the EAJA established the $125 hourly rate, to the consumer price index in April 2013.  (Dkt. No. 17, Rinck Aff., App. B.) But this was not the only evidence Plaintiff presented.  She also presented data from the State Bar of Michigan's annual Economics of Law Practice survey showing the 2010 median and mean hourly billing rates for all private practitioners ($215 and $237), attorneys in practice 26-30 years ($233 and $248), attorneys in the Grand Rapids area ($225 and $246), appellate attorneys ($250 and $259), administrative-law attorneys ($225 and $243), and attorneys in Kent County, Michigan ($240 and $251).

The Magistrate Judge determined that Plaintiff failed to carry her burden of showing entitlement to a rate in excess of $125 per hour because the survey information does not indicate rates charged for Social Security appeals in this district, and thus does not establish what the prevailing market rate is for these types of cases. (R&R at 4 (citing *Reynolds v. Comm'r*, No. 1:10-CV-738, 2011 WL 1740006, at *1 (W.D. Mich. May 4, 2011) (Maloney, C.J.)); *but cf. Mueller v. Comm'r*, 1:09-CV-695 (W.D. Mich. July 6, 2011) (Quist, J.) (holding that the bar survey provided a sufficient basis for approving EAJA fees at the rate of $173.75 per hour).

Plaintiff's evidence of prevailing rates in this district for Social Security cases, however, was not limited to the bar survey. Plaintiff also presented an affidavit from Thomas Geelhoed, another attorney who practices Social Security law in this area. Mr. Geelhoed stated that he generally handles Social Security cases on a contingent fee basis, but that when he represents people on claims not involving past-due benefits, he charges $200 per hour for his services. (Geelhoed Aff. ¶¶ 10-14.) Plaintiff also provided evidence that her attorney, Mr. Rinck, has been compensated in this court under the the EAJA at rates in excess of $125 per hour. *See, e.g.*, *Mueller v. Commissioner*, No. 1:09-CV-695 (W.D. Mich. July 6, 2011) (Quist, J.) (approving EAJA fees for Atty. Rinck at the rate of $173.75 per hour); *Jones v. Comm'r*, No. 1:10-CV-840 (W.D. Mich. May 15, 2012) (Jonker, J.) (approving stipulated EAJA fees for Atty. Rinck at the effective rate of $161.13 per hour).

The Court is satisfied that Plaintiff has met her burden of producing appropriate evidence to support the requested hourly rate of $181.63 per hour. This case differs materially from *Brassard v. Commissioner*, No. 1:12-CV-345, 2013 WL 1499035 (W.D. Mich. Apr. 10, 2013), where this Court limited the EAJA award to the statutory rate, because in *Brassard*, the "only evidence submitted . . . was a consumer price index excerpt." *Id.* at *1. Here, counsel has presented satisfactory evidence that the requested rate is in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Accordingly, the Court will enter an order rejecting the R&R in part and granting attorney fees under the EAJA in the amount of $4,449.94.

An order consistent with this opinion will be entered.


Dated: May 5, 2014                                    /s/ Robert Holmes Bell
                                                                            ROBERT HOLMES BELL
                                                                            UNITED STATES DISTRICT JUDGE